UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELTI RAMAJ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-11232-GAO |
| | * | |
| JOSEPH D. McDONALD, JR., Plymouth | * | |
| County Sheriff; ANTONE MONIZ, | * | |
| Superintendent of Plymouth County | * | |
| Correctional Facility; MICHAEL J. | * | |
| McCLEARY, Director Boston Office | * | |
| USCIS; REBECCA ADDUCCI, | * | |
| Boston Office of ICE, | * | |
| | * | |
| Respondents. | * | |

TEMPORARY RESTRAINING ORDER

June 15, 2018

TALWANI, D.J.

Petitioner Elti Ramaj is presently in the custody of United States Immigration and

Customs Enforcement ("ICE") and is being detained at the Plymouth County Correctional

Facility. His Emergency Motion for Writ of Habeas Corpus Ad Prosequendum or in the

Alternative for Temporary Restraining Order [#2] seeks an order requiring his transport to

Lawrence District Court on June 18, 2018, to answer charges pending against him in a state

prosecution. The matter was referred to the undersigned as the emergency duty judge, and a

hearing was held on June 15, 2018.

Respondents' counsel explained ICE's concerns that, in light of the Supreme Judicial

Court's decision in Lunn v. Commonwealth, et al., 78 N.E.3d 1143 (Mass. 2017), state officials

may not return an ICE detainee so transported for a state court proceeding to ICE custody. In

Lunn, the individual was held against his will, and the parties agreed that his detention

constituted an arrest under Massachusetts law. Id. at 1146.  The Court then considered the

question of "whether Massachusetts court officers have the authority to arrest someone at the

request of Federal immigration authorities, pursuant to a civil immigration detainer, solely

because the Federal authorities believe the person is subject to civil removal." Id. The Court

concluded that there is no Federal statute conferring such powers to arrest on state officers, and

that nothing in the statutes or common law of Massachusetts authorizes civil arrests in these

circumstances. Id. Lunn did not touch on the circumstance where an individual in ICE custody

seeks to appear before a state court, and agrees to be detained by Massachusetts court officers so

that he has the opportunity to answer state charges. Where such an individual agrees in advance

to return to ICE custody or agrees to state officials returning him to ICE custody, Lunn is

inapplicable.

In any event, pursuant to the discussion at the June 15, 2018, hearing, and by the consent

of the parties to this case,[1] the court enters the following temporary restraining order to allow

Petitioner to respond to criminal charges pending against him in state court.

United States Immigrations and Customs Enforcement ("ICE") is ordered to transfer

Petitioner, who is presently in ICE custody, to the Commonwealth of Massachusetts to attend

proceedings before the Lawrence District Court on June 18, 2018, at 9:00 a.m.[2]

The Plymouth County Sheriff, or the county sheriff who is responsible for transporting

Petitioner to and from the June 18 proceedings, is ordered to return Petitioner to ICE custody

---

[1] Respondents assert that Antone Moniz, Superintendent of the Plymouth House of Corrections, is the only proper Respondent in this action. See Mem. in Support of Mot. to Dismiss Petition 2 [#12]. Regardless of whether the other individuals named as Respondents must be dismissed, Mr. Moniz has consented to the entry of this order.

[2] ICE will continue to have legal custody of Petitioner at all times. This order addresses only physical custody, to the extent that ICE determines it must transfer physical custody to state officials at any point in order to allow Petitioner to appear at the June 18 proceedings.

immediately at the conclusion of the June 18 proceedings.

Petitioner is ordered to surrender himself to ICE custody, or to the county sheriff who will transport him to ICE custody, immediately at the conclusion of the June 18 hearing. Petitioner is ordered not to go anywhere else, regardless of any order or decision issued by a state court, and he shall make no attempt at evading return to ICE custody. Petitioner's attorneys shall ensure that he complies with this order and returns to ICE custody immediately.

IT IS SO ORDERED.

Date:   June 15, 2018                                    /s/ Indira Talwani
                                                         United States District Judge